# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAKE BOGDON,

    Plaintiff,

v.

NEWMONT USA LIMITED,

    Defendant.

Case No. 3:11-cv-00317-LDG (VPC)

**ORDER**

The defendant, Newmont USA Limited, moves to dismiss (#19) the collective action allegations and the prayer for punitive damages from plaintiff Jake Bogdon's First Amended Complaint.  Bogdon has opposed (#20), counter-moved the court to treat the motion to dismiss as a motion for a more definite statement (#21), and moved for attorney's fees (#23).

Motion to Dismiss

The defendant's motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be granted."  In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief."  As summarized by the Supreme Court, a

1   plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that

2   is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

3   Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's

4   obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels

5   and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

6   *Id.*, at 555 (citations omitted).  In deciding whether the factual allegations state a claim, the

7   court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . .

8   dismissals based on a judge's disbelief of a complaint's factual allegations."  *Neitzke v.*

9   *Williams*, 490 U.S. 319, 327 (1989).  Further, the court "construe[s] the pleadings in the

10  light most favorable to the nonmoving party."  *Outdoor Media Group, Inc. v. City of*

11  *Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007).

12         However, bare, conclusory allegations, including legal allegations couched as

13  factual, are not entitled to be assumed to be true.  *Twombly*, 550 U.S. at 555.  "[T]he tenet

14  that a court must accept as true all of the allegations contained in a complaint is

15  inapplicable to legal conclusions."  *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949

16  (2009).  "While legal conclusions can provide the framework of a complaint, they must be

17  supported by factual allegations."  *Id.,* at 1950.  Thus, this court considers the conclusory

18  statements in a complaint pursuant to their factual context.

19         To be plausible on its face, a claim must be more than merely possible or

20  conceivable.  "[W]here the well-pleaded facts do not permit the court to infer more than the

21  mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the

22  pleader is entitled to relief."  *Id.,* (citing Fed. R. Civ. Proc. 8(a)(2)).  Rather, the factual

23  allegations must push the claim "across the line from conceivable to plausible."  *Twombly.*

24  550 U.S. at 570.  Thus, allegations that are consistent with a claim, but that are more likely

25  explained by lawful behavior, do not plausibly establish a claim.  *Id.*, at 567.

26

Analysis - Punitive Damages

Newmont's argument is straightforward and accurate: punitive damages cannot be awarded under §207 of the Fair Labor Standards Act (FLSA).

Bogdon responds that punitive damages are available under §215(a)(3) of the FLSA, and his complaint alleges that the defendant violated the entirety of the FLSA.

Bogdon is accurate that he did not specify which provisions of the FLSA were violated by Newmont's conduct. Bogdon's complaint, however, lacks any allegation that would suggest he has alleged a violation of §215(a)(3).

The court will dismiss Bogdon's prayer for punitive damages with prejudice.

Analysis - Collective Action Allegations

Newmont argues that Bogdon has failed to allege sufficient allegations permitting a plausible inference that he is similarly situated to the other employees on whose behalf he has asserted he intends to maintain his action as a collective action. Newmont notes the lack of an allegation of a common policy or practice, other than an asserted policy to require the employees to work more than forty-hours per week without overtime compensation. While Bogden alleges facts concerning his duties in the two positions in which he was employed, Newmont notes the lack of any allegation indicating that Bogden's duties were shared by the other employees. While Bogden notes that Newmont employed 10 other persons in the position of "Accountant" and 21 other persons in the position of "Bulk Commodities Analyst," his complaint lacks any allegation as to the actual duties of the other persons employed in these positions. As to the remaining positions identified by Bodgen in his complaint, none share the duties he performed as either "Accountant" or "Bulk Commodities Analyst."

Bogdon responds that it is "premature" for the court to rule on Newmont's motion, because he has not yet moved for conditional certification. Bogdon cites to several decisions of other district courts which denied motions to dismiss the collective action, and

3

1    instead indicated that the decision whether a claim may proceed collectively becomes

2    appropriate only after a motion for conditional certification is brought.  *See*, *Hoffman v.*

3    *Cemex, Inc.,* 2009 WL 4825224 (S.D. Tex. 2009), *Lang v. Direct TV, Inc.*, 735 F.Supp.2d

4    421 (E.D. La. 2010); *Arnold v. Direct TV, Inc.*, 2011 WL 839636 (E.D. Mo. 2011).

5    Newmont, in reply, cites to *Pickering v. Lorillard Tobacco Co., Inc.*, 2011 WL 111730 (M.D.

6    Ala. 2011) as an example in which a district court concluded that collective action

7    allegations must be pled with the same specificity required to survive a Rule 12(b)(6)

8    motion.

9         While the *Hoffman* court determined that the plaintiffs did not need to plead facts to

10   support a collective action sufficient to survive a Rule 12(b)(6) motion, the court did not cite

11   to any authority in support of this proposition.  Rather, the court merely determined that the

12   issue would be addressed when the plaintiffs move for conditional certification and

13   issuance of notice to the class.

14        *Lang*, which largely relied on *Hoffman*, provides little support for Bogdon's position.

15   The court indicated its belief that the defendant's motion to dismiss sought "to end-run the

16   certification process by trying certification on the face of the complaint." 735 F.Supp.2d at

17   436.  The court further noted that "[d]efendants have not pointed to any controlling authority

18   that establishes detailed pleading requirements for collective actions."  *Id.* Nevertheless,

19   the court reviewed the allegations of the plaintiffs' complaint and concluded that "[p]laintiffs

20   have adequately pleaded that they are similarly situated to potential collective action

21   members."

22        Newmont does not seek to have the court dismiss Bogdon's complaint based on a

23   requirement of "detailed pleading for collective actions."  Rather, Newmont seeks only to

24   require allegations sufficient to comply with the notice-pleading requirements of Rule 8 that

25   are sufficient to otherwise pass muster under Rule 12(b)(6).  The Court in *Lang* appears to

26

4

1  have reviewed the complaint in that action under this standard, and concluded that the

2  allegations that plaintiffs were similarly-situated were sufficiently pled.

3       Conversely, *Pickering* provides little support for Newmont.  A review of *Pickering*

4  suggests that the collective-action allegations were as deficient as Bogdon's original

5  complaint.  The plaintiff in *Pickering* alleged nothing more than his own job title and the job

6  title of the proposed employees who were similarly-situated.  Bogdon has, in his amended

7  complaint, at least alleged the duties of his two positions with Newmont, and has further

8  identified the job titles and duties of the proposed similarly-situated employees.

9       The court concludes that the collective-action allegations must survive Rule 12(b)(6),

10  such allegations need only be sufficient (as under any Rule 12(b)(6) review) as to factual

11  matters, accepted as true, "to state a claim to relief that is plausible on its face."  As

12  Newmont implicitly acknowledges, Bogdon has alleged sufficient facts to allow him to

13  proceed on his individual claims.  A close question exists whether Bogdon has sufficiently

14  alleged facts by which the court may conclude as plausible that the other Accountants and

15  Bulk Commodities Analysts are similarly situated.  While Bogdon recites his duties while

16  employed under these job titles, his complaint does not allege that the other persons

17  working in these positions shared these same duties.  Conversely, however, Bogdon's

18  allegations regarding the job titles and duties of other positions classified as exempt by

19  Newmont strongly suggest a policy or practice to misclassify exempt employees.  Thus, a

20  plausible inference can be drawn that at least some of the other Accountants and Bulk

21  Commodity Analysts shared the same duties as Bogdon.  Accordingly, the court will deny

22  Newmont's motion as it applies to Accountants and Bulk Commodities Analysts.

23       A close question also exists as to whether Bogdon has sufficiently alleged facts

24  allowing his collective-action allegations to survive Rule 12(b)(6) as to the other positions

25  identified in his complaint.  He has alleged facts suggesting that there are other groups of

26  similarly-situated employees who are being mis-classified by Newmont.  He has further

1    alleged sufficient facts to plausibly infer that these other employees are also subject to the

2    same overall policy of mis-classification.  The facts alleged by Bogdon indicate, however,

3    that the duties of these other groups are not similar to the duties that he performed.  The

4    matter is before the court on Newmont's motion to dismiss, rather than Bogdon's motion to

5    conditionally certify a collective action, and as such the court will allow Bogdon to proceed

6    with his complaint.  In so doing, the court is *not* determining that Bogdon has alleged

7    sufficient facts in his complaint to conditionally certify a collective action.  Rather, the court

8    has determined only that he has alleged sufficient facts that he may proceed to bring such

9    a motion.

10   Analysis - Countermotion to Treat as Motion for a More Definite Statement

11          The court will deny the counter-motion as moot.

12   Analysis - Motion for Attorney's Fees

13          Bogdon's second motion for fees is not well-taken.  That Newmont filed a motion to

14   dismiss (which appears to be the only basis of Bogdon's motion) does not render the

15   motion so baseless as to warrant an award of attorney's fees.  Indeed, Newmont's first

16   motion (which Bogdon also labeled baseless, and for which he also sought the imposition

17   of fees) was not only appropriate, but was granted because Bogdon's complaint plainly and

18   obviously failed to comply with the standards required of Rule 8.  That Bogdon may

19   disagree with Newmont's position as to whether collective-action allegations must comport

20   with Rule 8 does not render a motion so baseless as to warrant the imposition of fees.

21   Such is particularly true when, as here, different courts addressing the same issue have

22   reached differing results.

23          The court finds ironic, however, Bogdon's implicit suggestion that fees are warranted

24   due to a vexatious multiplication of proceedings.  It is Bogdon, not Newmont, who has twice

25   responded to a straightforward motion to dismiss with not only a response, but two

26   additional motions.  As Newmont has simply and summarily opposed these additional

6

1  motions in its replies, the court will not, at this juncture, consider whether Bogdon's practice

2  of opposing every motion with an opposition and a motion for fees incurred is itself a

3  vexatious multiplication of proceedings.

4       Newmont has neither filed a baseless motion nor has it engaged in a motion

5  practice that has unnecessarily and vexatiously multiplied proceedings.  Accordingly, the

6  court will deny Bogdon's motion for attorney's fees.

7       Therefore, for good cause shown,

8       THE COURT **ORDERS** that Newmont USA Limited's Motion to Dismiss (#19) is

9  GRANTED Jake Bogdon's Prayer for Punitive Damages in his First Amended Complaint,

10  and is DENIED in all other respects.

11       THE COURT FURTHER **ORDERS** that Jake Bogdon's Prayer for Punitive Damages

12  is DISMISSED with prejudice.

13       THE COURT FURTHER **ORDERS** that Jake Bogdon's Counter-Motion to Treat

14  Motion to Dismiss as Motion for a More Definite Statement (#21) is DENIED as moot.

15       THE COURT FURTHER **ORDERS** that Jake Bogdon's Motion for Attorney's Fees

16  (#23) is DENIED.

17

18  DATED this _____ day of December, 2011.

19

20  _____
      Lloyd D. George

21        United States District Judge

22

23

24

25

26